**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JALYNN WENGER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BROOKS SEVERSON,**<br><br>**Defendant.** | **Case No. 24-1190-DDC-GEB** |

**MEMORANDUM AND ORDER**

Plaintiff JaLynn Wenger[1] isn't new to our court. In plaintiff's earlier lawsuit, Magistrate Judge Brooks Severson ordered a stay of discovery. Doc. 1 at 1 (Compl. § II); *see also Wenger v. Stoss*, No. 24-1104-EFM-GEB, (D. Kan. Oct. 7, 2024), ECF 30 (Case Management Order staying discovery until district judge ruled motion to dismiss).[2] In response, plaintiff sued Magistrate Judge Severson in this new and separate action. Plaintiff alleges that Magistrate Judge Severson deprived her of her constitutional right to a jury trial and due process.[3] Doc. 1 at 1 (Compl. § II).

---

[1] Plaintiff proceeds pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But the court can't "assume the role of advocate for the pro se litigant." *Id.*

[2] Note that magistrate duties on this earlier case were reassigned from Magistrate Judge Severson to Magistrate Judge Gwynne E. Birzer on October 29, 2024. *Wenger v. Stoss*, No. 24-1104-EFM-GEB, (D. Kan. Oct. 29, 2024), ECF 34.

[3] This case doesn't travel alone—it has a companion—captioned *Wenger v. Teeter*, No. 24-1191-DDC-GEB. Although different members of the Wenger family come as plaintiffs in each case, plaintiffs' filings in both cases nearly mirror each other. The pending Motions to Dismiss do the same. Following the parties' lead, the court's orders dismissing the two cases are similar, as well.

Magistrate Judge Severson has moved to dismiss the claims against her. Doc. 6 at 8–15 (arguing absence of subject matter jurisdiction and judicial immunity). Plaintiff's untimely Response asserts that any "pretrial motions are frivolous and inconsequential." Doc. 9 at 4 (quotation cleaned up). That's because, in plaintiff's view, her case must "be heard and seen by a jury . . . as is [her] Constitutional right." *Id.* At bottom, plaintiff argues the "legal system in this country is repugnant to the Bill of Rights" and Magistrate Judge Severson has "openly yield[ed] to [this] oppressive and treasonous" legal system. *Id.* at 7, 8.

The court begins its analysis by assessing whether plaintiff sues Magistrate Judge Severson in her individual or official capacity. The court concludes plaintiff asserts just individual capacity claims. With that conclusion in hand, the court then evaluates Magistrate Judge Severson's Motion to Dismiss (Doc. 6). It starts with Magistrate Judge Severson's subject matter jurisdiction argument. The court concludes it lacks subject matter jurisdiction over some of plaintiff's claims. For any remaining claims, the court concludes judicial immunity applies. And so, the court grants Magistrate Judge Severson's Motion to Dismiss (Doc. 6).[4]

---

[4] Defendant is another judge of this court. So, to ensure fairness and impartiality, the court considers whether it's appropriate for a judge on this court to decide this case. To that end, the court raises—on its own—whether the circumstances here warrant judicial recusal. 28 U.S.C. § 455(a) requires any "justice, judge, or magistrate judge of the United States [to] disqualify himself in any proceeding in which his impartiality might reasonably be questioned." At first blush, a district judge presiding over a matter in which one party is a magistrate judge of the same court might raise a concern. But it "takes more than speculation or suspicion of bias to require recusal. And . . . the judge's familiarity with a defendant [is] not enough." *Diaz v. King*, 687 F. App'x 709, 713 (10th Cir. 2017) (citation omitted).

What's more, judicial immunity applies here. And the Committee on Codes of Conduct has clarified—in a published opinion—that recusal is rarely appropriate where judicial immunity resolves a case against a fellow judge. *See* Advisory Opinion No. 103, https://www.uscourts.gov/file/25673/download (last visited August 30, 2025) ("Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate."). In keeping with this guidance, courts routinely have concluded recusal is unnecessary where judicial immunity applies. *See, e.g.*, *McMurray v. Smith*, No. CIV 08-0805 JB/KBM, 2008 WL 8836074, at *1 n.1 (D.N.M. Sept. 29, 2008) (explaining sua sponte—in case against judges in the same district—that the court needn't recuse because "judicial immunity will be

## I. Background

The facts recited below come from plaintiff's Complaint (Doc. 1). The court accepts plaintiff's "well-pleaded facts as true, view[s] them in the light most favorable to [them], and draw[s] all reasonable inferences from the facts" in their favor. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citation omitted).

Plaintiff "bring[s] this Suit at Common-Law against Brooks Severson, in [her] private capacity, for [her] unauthorized and improper involvement and delay in a case [previously] pending within this court." Doc. 1 at 1 (Compl. § II). Magistrate Judge Severson—for a time—served as the magistrate judge on that previous case, captioned *Wenger v. Stoss*, No. 24-1104-EFM-GEB. The underlying facts of *Wenger v. Stoss* do not inform this case. Instead, plaintiff contends that Magistrate Judge Severson's actions in that previous case "have directly violated the supreme law of our nation, including . . . [her] right under the Seventh Amendment to an unobstructed jury trial and [her] right to due process." *Id.*

Plaintiff alleges nine claims against Magistrate Judge Severson: Unauthorized Judicial Involvement, Overruling of Objections Without Authority, Violation of Due Process and Jury Rights, Failure to Uphold the Law, Coercion into Article I Jurisdiction, Fraud, War Against the Constitution, Obstruction of Justice, and Deprivation of Rights Under the Color of Law. *Id.* at 3–5 (Compl. § IV).[5] Underlying all these claims, plaintiff alleges Magistrate Judge Severson

---

a complete defense to the action against the judge" (quotation cleaned up)); *Sain v. Snyder*, No. CIV 08-1019 JB/LFG, 2009 WL 1329520, at *4 (D.N.M. Apr. 6, 2009) (concluding judicial recusal unnecessary in case where litigant contemplated contesting judicial actions with suit against judge because judicial immunity would resolve contemplated litigation); *Baker v. S.C. Fed. Ct.*, No. 6:24-CV-6342-DCC-WSB, 2024 WL 5323841, at *5 (D.S.C. Nov. 20, 2024), *report and recommendation adopted*, 2025 WL 92314 (D.S.C. Jan. 14, 2025) (finding recusal unnecessary where plaintiff purports to name court as defendant because judicial immunity applies to action).

[5] This section of plaintiff's Complaint bears the subtitle, "Claims Against Holly Teeter." Doc. 1 at 3 (Compl. § IV). The court already has noted the significant overlap between this case and its companion case, *Wenger v. Teeter*, No. 24-1191-DDC-GEB. *See* note 3. The court thus assumes this subtitle is

deprived her of constitutional protections by "insert[ing] [her]self into proceedings that [plaintiff] had demanded be adjudicated solely under Article III jurisdiction" after plaintiff had "made it clear that [she] was rejecting any form of Article I or administrative handling." *Id.* at 1 (Compl. § II). Specifically, plaintiff takes issue with Magistrate Judge Severson "signing a *Case Management Order* staying [her] case despite . . . having no authority to intervene and no consent from [her] to have authority in [her] common law claim." *Id.* at 2 (Compl. § II) (italics in original). Plaintiff seeks $22,000,000 in compensatory damages for these alleged wrongs. *Id.* at 8 (Compl. § VI).

The common thread linking all of plaintiff's claims to each other is this: She thinks she's legally entitled to have a jury hear and decide every single aspect of her disputes with her adversary. Plaintiff's entitled to her opinions. But what she's not entitled to do is replace established rules of law with her opinion. And that's what plaintiff's claims here try to do. The court rejects plaintiff's approach and, below, explains why.

## II. Individual or Official Capacity

Because plaintiff asserted claims against a government officer, the court assesses, first, whether plaintiff asserts official or individual capacity claims against Magistrate Judge Severson. Magistrate Judge Severson's motion presents arguments in the alternative that turn on a distinction between the two types of claims. Below, the court concludes that plaintiff sues Magistrate Judge Severson solely in her individual capacity.

"In discerning whether a lawsuit is against a defendant personally or in [her] official capacity, the caption may be informative but clearly is not dispositive." *Pride v. Does*, 997 F.2d

---

unintentional—an overlooked remnant of a copy-paste job when drafting the two nearly identical Complaints. And, the court notes, this reference to District Judge Teeter is the only reference to Judge Teeter in the Complaint. The court therefore construes the Complaint here to state claims against Brooks Severson—not Holly Teeter—despite this subtitle.

712, 715 (10th Cir. 1993). When "'the complaint fails to specify the capacity in which the government official is sued, [the court must] look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.'" *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) (quoting *Pride*, 997 F.2d at 715). The "capacity in which a defendant is sued" and "the capacity in which the defendant was acting when the alleged deprivation of rights occurred . . . need not coincide." *Pride*, 997 F.2d at 715 n.2 (quotation cleaned up).

Here, the Complaint explicitly identifies this as an individual capacity suit. The Complaint's first substantive sentence recites that plaintiff "bring[s] this Suit . . . against Brooks Severson, in [her] *private capacity*[.]" Doc. 1 at 1 (Compl. § II) (emphasis added). The Complaint's caption and defendant description bolster this conclusion. In the caption, plaintiff identifies defendant simply as "Brooks Severson," making no mention of her title as a judicial officer. *Id.* (Compl.). And plaintiff describes defendant—in a section labeled "Parties and Capacity of"—as "Brooks Severson: A [wo]man, non-commercial/non-legal in nature." *Id.* (Compl. § I). The court thus concludes that plaintiff intends to assert claims against Magistrate Judge Severson in her individual capacity—and only in her individual capacity.[6]

**III. 12(b)(1) Motion**

In one of her arguments for dismissal, Magistrate Judge Severson characterizes plaintiff's allegations as a collateral attack on her orders in *Wenger v. Stoss*, No. 24-1104-EFM-GEB. *See* Doc. 6 at 8–11 (asserting a Rule 12(b)(1) challenge). Magistrate Judge Severson argues the

[6] One of Magistrate Judge Severson's dismissal arguments contends that sovereign immunity bars plaintiff from seeking monetary damages from Magistrate Judge Severson in her official capacity. Doc. 6 at 11. The court's conclusion that plaintiff asserts just individual capacity claims renders more fulsome treatment of the sovereign immunity argument unnecessary. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Federal officers acting in their *official* capacities are also shielded by sovereign immunity." (emphasis added) (quotation cleaned up)).

court lacks subject matter jurisdiction in such a case. *See id.* at 10. Because the court can't evaluate the case's merits without first concluding that it possesses subject matter jurisdiction over the claims, the court evaluates Magistrate Judge Severson's collateral attack argument first. *See Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1279 (10th Cir. 2024) (explaining that "federal courts . . . are courts of limited subject-matter jurisdiction," and so "may only hear cases when empowered to do so by the Constitution and by act of Congress" (quotation cleaned up)).

**A. Legal Standard**

Under Rule 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (presuming "no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction" (internal quotation marks and citation omitted)). Where, as here, Magistrate Judge Severson bases her motion on a "facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

**B. Subject Matter Jurisdiction**

Plaintiff's claims are a bit hard to track. It's evident, however, that she disagrees—at least in part—with Magistrate Judge Severson's orders in her earlier case. *See* Doc. 1 at 5

(Compl. § IV) (alleging Magistrate Judge Severson committed fraud by applying "statutes that only apply to 'legal' claims"); *id.* (alleging Magistrate Judge Severson "relied on inapplicable statutes and civil procedures"); *id.* at 7 (Compl. § VI) (seeking original damages from earlier case). But it's less clear whether plaintiff asks this court to revisit those rulings.

Magistrate Judge Severson emphasizes that "[d]isagreements with rulings in a suit are matters for appeal, not collateral litigation." Doc. 6 at 8. She's right. "[T]his court lacks authority to hear a challenge to another federal judge's rulings" and, as a result "lacks subject-matter jurisdiction to hear [plaintiff's] claims." *Verogna v. Johnstone*, 583 F. Supp. 3d 331, 337 (D.N.H. 2022); *cf. also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (concluding challenge brought in federal court in Texas seeking review of Middle District of Florida bankruptcy judge's injunction improperly circumvented appeal process—which should have proceeded through, first, the Florida district court and, then, the Eleventh Circuit). To the extent plaintiff's claims collaterally attack Magistrate Judge Severson's earlier orders, plaintiff is in the wrong place. Instead, she should've sought review from Chief District Judge Eric F. Melgren—the presiding United States District Judge assigned to the earlier case. *See* 28 U.S.C. § 636(b)(1) (district judge may reconsider pretrial matters assigned to magistrate judge on objection by party); *Taylor v. Gray Media Grp., Inc.*, No. 23-2287-JWB-ADM, 2024 WL 4119298, at *1 (D. Kan. Sept. 9, 2024) ("A district court's review of a magistrate's orders as to non-dispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A)."); Fed. R. Civ. P. 72(a) (party may object to magistrate judge's nondispositive ruling and district judge "must consider timely objections").

But here, plaintiff does a little more than seek a second opinion—she challenges Magistrate Judge Severson's judicial authority. *See* Doc. 1 at 1 (Compl. § II) (challenging

Magistrate Judge Severson's "unauthorized and improper involvement" in her case, violating her Seventh Amendment and due process rights); *id.* at 2 (asserting Magistrate Judge Severson had "no authority to intervene . . . in [plaintiff's] common law claim"); *id.* at 5 (Compl. § IV) (alleging Magistrate Judge Severson committed fraud, "war against the constitution," and obstruction of justice); *id.* at 8 (Compl. § VI) (seeking damages for Magistrate Judge Severson's "knowing abridgment of rights"). It's possible to construe these claims as asserting some sort of intentional-tort-like theories—not just seeking a second opinion about Magistrate Judge Severson's earlier rulings. So, the court won't go as far as Magistrate Judge Severson suggests. The court concludes it has subject matter jurisdiction over part of this case. But, to the extent plaintiff asks the court to revise rulings Magistrate Judge Severson made in the earlier case—*Wenger v. Stoss*, No. 24-1104-EFM-GEB—those claims are dismissed without prejudice for lack of subject matter jurisdiction. *See Harrison v. United States*, 329 F. App'x 179, 182 (10th Cir. 2009) ("Because the district court lacked jurisdiction over the claims raised in [plaintiff's] complaint, those claims should have been dismissed without prejudice.")

That conclusion doesn't change much for plaintiff, however. That's so because plaintiff's remaining claims fail under Magistrate Judge Severson's Rule 12(b)(6) challenge. Begin with the Rule 12(b)(6) legal standard.

## IV. 12(b)(6) Motion

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a motion to dismiss under Rule 12(b)(6), the court must take the complaint's factual allegations as true. *Iqbal*, 556 U.S. at 678. But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual "allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. That is, "a complaint cannot rely on labels or conclusory allegations[.]" *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1131 (10th Cir. 2024) (quotation cleaned up). "'A conclusory allegation is one in which an inference is asserted without stating underlying facts or including any factual enhancement.'" *Id.* (quoting *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023)).

**B. Judicial Immunity**

The court concludes Magistrate Judge Severson is immune—absolutely—from plaintiff's claims for damages here. Absolute judicial immunity "'bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.'" *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006));

*Washington v. Humphreys*, No. 12-3223-SAC, 2012 WL 5417315, at *1 (D. Kan. Nov. 6, 2012) (concluding magistrate judge "has absolute judicial immunity for acts taken in her judicial capacity" and dismissing case challenging magistrate judge's denial of expedited discovery as barred by judicial immunity). This immunity applies to "judicial acts." *Andrews*, 483 F.3d at 1076 (quotation cleaned up).

But "a judge is not immune from liability for nonjudicial actions" or "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *see also Fletcher v. Tymkovich*, 786 F. App'x 826, 827 (10th Cir. 2019) (unpublished) (recognizing *Mireles*'s two sets of circumstances which overcome judicial immunity for federal judges); *McKenzie v. Robinson*, No. 10-2127-EFM, 2010 WL 1881073, at *2 (D. Kan. May 10, 2010) ("To overcome this immunity, Plaintiff must demonstrate that the acts undertaken [by federal judges] were done either outside of their judicial capacity or were taken in the complete absence of any jurisdiction.").

Here, plaintiff alleges that Magistrate Judge Severson acted beyond her judicial capacity and jurisdiction. Plaintiff alleges that Magistrate Judge Severson's actions in *Wenger v. Stoss* constituted "unauthorized and improper involvement," which "violated the supreme law of our nation[.]" Doc. 1 at 1 (Compl. § II.). She further contends that "[d]espite [her] explicit objections and refusal of consent," Magistrate Judge Severson "inserted [her]self into proceedings," and in doing so, deprived her of her "rightful access to a jury trial[.]" *Id.* at 1–2 (Compl. § II). But plaintiff hasn't alleged any nonconclusory allegations of extrajudicial wrongdoing or a clear absence of jurisdiction.

***Nonjudicial Acts***

"Determining whether an act is a 'judicial one' requires an inquiry into the nature of the act itself." *Fletcher*, 786 F. App'x at 827 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "The court must evaluate whether the act is 'normally performed by a judge,' and whether the parties 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Stump*, 435 U.S. at 362). Our Circuit has concluded that where federal judges "engaged in [allegedly] unconstitutional conduct only while presiding over . . . civil lawsuits, [the judges] were performing judicial acts and were therefore clothed with absolute judicial immunity." *Andrews*, 483 F.3d at 1076 (internal quotation marks and citation omitted). Here, each one of plaintiff's allegations assert conduct adjudicating her other civil dispute. *See generally* Doc. 1 (Compl.). And all the alleged conduct involves actions normally performed by a judge in her judicial capacity. Plaintiff hasn't alleged any actions by Magistrate Judge Severson occurring outside those proceedings. So, plaintiff hasn't shown Magistrate Judge Severson engaged in "nonjudicial actions[,]" such that judicial immunity is overcome. *See Mireles*, 502 U.S. at 11.

***Absence of Jurisdiction***

Plaintiff also alleges that Magistrate Judge Severson acted without jurisdiction. But, to allege as much, her Complaint relies on a conclusory factual allegation and an inaccurate legal conclusion. The court needn't accept either. *See EEOC v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1362 (D. Colo. Sept. 25, 2023) ("In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth."); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law[.]"); *McNellis*, 116 F.4th at 1131 ("A complaint cannot rely on labels or conclusory allegations—a formulaic recitation of the elements

of a cause of action will not do." (quotation cleaned up)). Start with the conclusory factual allegation.

*First*, plaintiff alleges Magistrate Judge Severson improperly "inserted [her]self into proceedings that [plaintiff] had demanded be adjudicated solely under Article III jurisdiction[.]" Doc. 1 at 1 (Compl. § II). Plaintiff argues Magistrate Judge Severson's involvement cast plaintiff's case into "an Article I administrative court[.]" *Id.* at 4 (Compl. § IV). And, plaintiff argues, even if an Article I court was proper, Magistrate Judge Severson acted outside the bounds of 28 U.S.C. § 636(c). *Id.* Plaintiff's reading of that statute "requires agreement from all parties for a magistrate to preside over a case." *Id.*

But plaintiff's earlier case was adjudicated by an Article III court—the United States District Court for the District of Kansas. U.S. Const. Art. III, § 1 (vesting judicial power in Supreme Court and "such inferior Courts as the Congress may . . . establish"); 28 U.S.C. § 132(a) (creating one district court in each judicial district); 28 U.S.C. § 96 (establishing Kansas as one judicial district). And Magistrate Judge Severson didn't "preside over" plaintiff's earlier case—Chief District Judge Melgren presided over it. *See Wenger v. Stoss*, No. 24-1104-EFM-GEB. To be sure, all parties must consent for a magistrate judge to decide dispositive issues. 28 U.S.C. § 636(c)(1). But Magistrate Judge Severson never issued any dispositive orders.[7]

[7] The court takes judicial notice of Magistrate Judge Severson's orders in *Wenger v. Stoss*, No. 24-1104-EFM-GEB. *See Binford v. United* States, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) ("The court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." (quotation cleaned up)); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.").

Magistrate Judge Severson issued two orders in that case before it was reassigned. *See Wenger v. Stoss*, No. 24-1104-EFM-GEB, ECF 26 (Memorandum and Order denying defendants' Motion for More Definite Statement), ECF 30 (Case Management Order). Neither of those orders were dispositive. *See Ngiendo v. Univ. Partners, LLC*, No. 20-cv-2393-HLT-TJJ, 2021 WL 7083366, at *2 (D. Kan. Jan. 22, 2021) (magistrate judge ruling motion for more definite statement, but reserving for district judge remaining dispositive matters); *Rodriguez v. Amtrak*, No. 19-2103, 2019 WL 8499502, at *1 (10th Cir.

Instead, she "determine[d] . . . pretrial matter[s]" as designated by the district judges of our court. *Id.* § (b)(1)(A); D. Kan. Rule 72.1.1(c). Magistrate Judge Severson plainly held authority to issue the orders she did. And plaintiff's objection to our court's use of a magistrate judge to manage certain aspects of her case doesn't change anything. Plaintiff could've objected to Magistrate Judge Severson's orders. Fed. R. Civ. P. 72(a) (party may object within 14 days of magistrate judge's decision on nondispositive matters); *see Neighbors v. Bakker*, No. 18-4013-SAC, 2018 WL 11027084, at *1–2 (D. Kan. Apr. 13, 2018) (concluding magistrate judge acted with authority despite plaintiff's objection "to the involvement of the Magistrate Judge without plaintiff's consent"). And, had she done so, the rules would have required Chief Judge Melgren to review the disputed decision. But plaintiff never objected to any of Magistrate Judge Severson's rulings. Plaintiff thus hasn't alleged facts plausibly suggesting Magistrate Judge Severson acted beyond her judicial authority.

*Second*, plaintiff alleges Magistrate Judge Severson's orders violated plaintiff's Seventh Amendment jury trial right. Doc. 1 at 4 (Compl. § IV). Essentially, plaintiff suggests Magistrate Judge Severson issued orders even though the Seventh Amendment demands her case is heard before a jury. *See, e.g.*, *id.* at 5 (Compl. § V) ("The notion that Brooks Severson—or any judge—can prevent my claim from reaching a jury is fundamentally unsound, as the 7th Amendment makes no allowances for bureaucratic obstacles of this kind."). But even dispositive orders—like dismissal or summary judgment—don't "violate[] the Seventh Amendment right to a jury trial." *Sutton v. Leeuwen*, 708 F. App'x 514, 517 (10th Cir. 2017); *see also Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) ("The district court's dismissal of [plaintiff]'s complaint under Rule 12(b)(6) did not violate [his] right to a jury trial under the Seventh

---

2019) (recognizing that case management order entered by magistrate judge wasn't a final judgement and thus wasn't immediately appealable).

Amendment[.]") It follows that non-dispositive orders—like the ones Judge Severson entered in plaintiff's earlier case—also don't violate the Seventh Amendment jury trial right. Plaintiff thus relies on an inaccurate legal conclusion to suggest Magistrate Judge Severson lacked jurisdiction. *See Kan. Penn Gaming*, 656 F.3d at 1214 ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law[.]"). So, plaintiff's Seventh-Amendment-based inaccurate legal conclusion doesn't remove Magistrate Judge Severson's judicial-immunity shield.[8]

Plaintiff fails to allege—beyond mere conclusions and misstatements of law—that any actions taken by Magistrate Judge Severson were extrajudicial or taken absent jurisdiction. By all accounts, plaintiff's well-pleaded factual allegations show Magistrate Judge Severson performed acts "'normally performed by a judge.'" *Fletcher*, 786 F. App'x at 827 (quoting *Stump*, 435 U.S. at 362). So, to the extent plaintiff asserts more than a collateral attack on Magistrate Judge Severson's earlier rulings, she fails to state a claim. Magistrate Judge Severson is entitled to absolute judicial immunity from civil liability in her personal capacity. *See McKenzie*, 2010 WL 1881073, at *3 ("[Where plaintiff's claims] fall squarely within . . . the doctrine of judicial immunity . . . they are dismissed for failure to state a claim upon which relief may be granted"). And the court dismisses plaintiff's Complaint—to the extent it doesn't seek review of rulings—with prejudice. *See Ray v. Quisenberry*, No. CIV-22-823-D, 2023 WL 2447598, at *2, 3 (W.D. Okla. Mar. 10, 2023) (dismissing claims against state judge with prejudice based on judicial immunity), *aff'd*, No. 23-6038, 2023 WL 3634720 (10th Cir. May 25, 2023) (finding no error in decision to dismiss with prejudice claims barred by absolute judicial

8 Plaintiff also alleges generally that the entire "legal system" is "repugnant to the Bill of Rights" and "was never intended to govern the personal affairs of men and women[.]" Doc. 1 at 6 (Compl. § V). Such a notion is a legal conclusion—and a frivolous one at that. The court doesn't address this argument.

immunity); *Smith v. Arguello*, 415 F. App'x 57, 61 (10th Cir. 2011) (affirming district court's dismissal of plaintiff's claims for several reasons including "the doctrines of judicial immunity" and concluding that "the district court properly entered the dismissal with prejudice").

## V. Conclusion

Either way the court slices things, plaintiff's claims can't survive. To recap, plaintiff asserts claims against Magistrate Judge Severson in just her individual capacity. And the court either lacks subject matter jurisdiction over plaintiff's collateral attack to Magistrate Judge Severson's earlier rulings or plaintiff's claims are barred by judicial immunity. The court grants Magistrate Judge Severson's Motion to Dismiss (Doc. 6).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Brooks Severson's Motion to Dismiss for Failure to State a Claim (Doc. 6) is granted. Plaintiff's Complaint—to the extent it asks this court to revise Magistrate Judge Severson's rulings—is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's Complaint—to its remaining extent—is dismissed with prejudice.

**IT IS SO ORDERED.**

**Dated this 5th day of September, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**